**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

EVAN BERGER                                    Case No.  24-cv-21939

     Plaintiff,

v.

THE TOPPS COMPANY, INC.

     Defendant.

_____

## COMPLAINT FOR DAMAGES

Plaintiff, Evan Berger ("Berger" or "Plaintiff"), sues Defendant The Topps Company, Inc. ("Topps" or "Defendant") and alleges:

### PARTIES

1.     Evan Berger is a Florida citizen and has been a Florida citizen since 2009.  At all material times related to the Complaint, Berger was a citizen of Miami-Dade County, Florida.  Berger is currently a citizen of Palm Beach County, Florida.

2.     Topps is a Delaware corporation with its principal place of business located in New York, New York.

### JURISDICTION AND VENUE

3.     This Court has diversity jurisdiction under 28 U.S.C. §1332 as this matter involves complete diversity of citizenship between Plaintiff and Defendant, who are citizens of different states, and the amount in controversy exceeds $75,000.

4.     Topps regularly and systematically conducts business in the state of Florida and in this jurisdiction.  Plaintiff and Defendant have engaged in over 150 discrete transactions for the purchase of thousands of sports cards between 2020 and 2023.  For each of these transactions, the trading cards were shipped to Berger in Miami-Dade County, Florida.

Case No. 24-cv-21939

5.    Further, the originating location of the majority of the cards shipped to Berger from Topps was Broward County, Florida.

6.    Venue is proper under 28 U.S.C. §1391(b) because Berger is a citizen of the judicial district that comprises the Southern District of Florida and a substantial part of the events giving rise to the claim occurred in that judicial district.

**Background**

7.    This lawsuit stems from deceptive business practices by Defendant in violation of Federal Trade Commission ("FTC") promulgated rules and regulations.

8.    Berger purchased thousands of individual sports trading cards from Topps between 2020 and 2023 through its website Topps.com

9.    Many of the cards purchased by Berger from Topps are considered "print on demand" cards.

10.    A print on demand card is a trading card that has a set timeframe to purchase the card, and when the window to purchase closes, Topps prints the card and mails it to the customer that purchased the card.

11.    All of the print on demand cards purchased by Berger came with a shipping timeframe during which Topps promised to ship the cards.

12.    However, Topps rarely was able to meet the promised date to ship the cards that were purchased by Berger.

**Topps' Violations of the FTC Mail Order Rule**

13.    The FTC "Mail Order Rule" which is found at 16 C.F.R. § 435, first went into effect in 1975.

14.    The September 17, 2014 amendment to the Mail Order Rule expanded its scope to

2

internet sales.

15.     Under the Mail Order Rule if a company is unable to ship an item within the timeframe stated when the order was placed, it must seek the customer's consent for the delayed shipment.

16.     If a company cannot obtain the customer's consent for the delay, the company must, without being asked, promptly cancel and refund all the money the customer paid for the unshipped merchandise.

17.     The vast majority of the trading cards from Berger's more than 150 discrete transactions were shipped after the date promised by Topps.

18.     However, Berger was never contacted by Topps to obtain his consent for any of these shipping delays.

19.     Given that Topps failed to notify Berger that there was a delay in the shipment of these items, and did not give him the option to cancel the orders due to the delay, Topps violated the Mail Order Rule.

20.     In addition, after the date Topps promised to ship cards had passed, Berger called Topps on a number of occasions in an effort to cancel orders that were delayed by Topps.

21.     After typically waiting approximately 2 hours on hold, when Berger finally was able to speak with a Topps customer service representative, his request to cancel an order that was not timely shipped was rejected by Topps under the auspices of a "company policy."

22.     However, Topps' internal company policies do not supersede the FTC rules and regulations.

23.     Topps' violation of the Mail Order Rule is a *per se* violation of Florida's Deceptive and Unfair Trade Practices Act.

3

24.     It is believed that Topps' delays in shipment from the time promised extend beyond the cards purchased by Berger as well as beyond the various print on demand offerings from Topps.  Based upon information and belief, Topps' conduct extends to millions of discrete orders.  Upon confirmation of this through discovery, Plaintiff will seek to amend the Complaint to obtain relief on a class basis.

25.     All conditions precedent to this lawsuit have been met or waived.

26.     Berger has retained the undersigned to prosecute the instant lawsuit and has agreed to pay reasonable attorney's fees and costs which Defendant should be responsible for pursuant to controlling law.

**Count I - Violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA")**

27.     Berger re-alleges Paragraphs 1 through 26 as if fully alleged herein.

28.     This claim arises under Fla. Stat. §501.201. *et seq.*.

29.     FDUTPA states that the violation of "[a]ny law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices" constitutes a FDUTPA violation.

30.     Had Berger been given the opportunity to cancel the orders whereby Topps was unable to ship the trading cards by the date it promised, Berger would have availed himself of cancelling the orders.

31.     As a direct and proximate result of Topps not abiding by the Mail Order Rule and not allowing Berger to cancel the delayed orders, Berger was damaged.

32.     Based upon the foregoing, Topps has violated Fla. Stat. §501.204.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury in this action of all issues so triable.

Case No. 24-cv-21939

WHEREFORE, Evan Berger demands judgment against Defendant, The Topps Company, Inc. for:

    i.  Compensatory damages, interest, and costs, in an amount to be determined at trial;

    ii.  attorneys' fees pursuant to Fla. Stat. § 501.2105;

    iii.  such other relief as the Court deems just and proper.

Dated: May 20, 2020

Respectfully submitted

Evan Berger
*Attorney for Plaintiff*
6114 Lindamere Lane
Boca Raton, Florida 33433
Telephone: (954) 987-7550
Ebberger83@gmail.com

By:_____
      EVAN B. BERGER
      Florida Bar No. 71479

5